Larry R. Laycock (Utah Bar No. 4868)
  *larrylaycock@djplaw.com*
Clinton E. Duke (Utah Bar No. 9784)
  *cduke@djplaw.com*
DURHAM JONES & PINEGAR, P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000

Attorneys for Plaintiff SARA FENN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Sara Fenn,** an individual,<br><br>    Plaintiff,<br><br>v.<br><br>**Bret Aland Eborn DBA Eborn Books**, an individual; and<br><br>**Dean Eborn**, an individual,<br><br>    Defendants. | Civil No. 2:20-cv-00750-DAO<br><br>**Complaint**<br><br>JURY DEMANDED<br><br>District Judge Daphne A. Oberg |

Plaintiff Sara Fenn ("Ms. Fenn") complains against defendants Bret Aland Eborn DBA Eborn Books and Dean Eborn (the "Eborn Defendants") for the causes of action alleged as follows:

### THE PARTIES

1.    Sara Fenn is an individual residing in the state of Utah, with her principal place of residence located at 260 Dorchester Drive, Salt Lake City, Utah 84103.

2.    On information and belief, Bret Aland Eborn DBA Eborn Books is an individual residing in the state of Utah, with his principal place of residence located at 7126 W Hunter

1

Dawn Way West Valley City, UT 84128 and his principal place of business located at 1847 D Avenue, Tooele, UT 84074.

3. On information and belief, Dean Eborn is an individual residing in the state of Utah, with his principal place of residence located at 3683 W 850 N, Layton, UT 84041.

## JURISDICTION AND VENUE

4. This is a civil action for copyright infringement arising under 17 U.S.C. § 501 *et seq*.

5. This is also a civil action for deceptive trade practices arising under Utah Code Ann. § 13-11a-1, *et seq*.

6. This is also a civil action for unfair competition arising under Utah Code Ann. § 13-5a-101, *et seq*.

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121. This Court has supplemental and related-claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

8. Eborn Books is registered to do business in Utah as a DBA.

9. The Eborn Defendants' engage in retail business, offer an assortment of new, used, rare and out-of-print books for sale in retail throughout the state of Utah, as well as in one location in Nauvoo, Illinois, and own and operate 4 stores in Utah alone.

10. The Eborn Defendants advertise, market, and sell their products, including their new, used, rare, and out-of-print books, through at least their Eborn Books stores, which advertising, marketing, and selling are available to consumers within the State of Utah.

11.     The Eborn Defendants use their stores to market, sell, and commit the acts of infringement alleged herein.

12.     The Eborn Defendants also advertise, market, and sell their products, including their new, used, rare, and out-of-print books, through https://ebornbooks.com/ (the "Eborn Books Online Store"), which is available to consumers within the State of Utah.

13.     The Eborn Books Online Store allows consumers to order and have the Eborn Defendants' products, including new, used, rare, and out-of-print books, shipped to Utah.

14.     The Eborn Defendants use the Eborn Books Online Store to market, sell, and commit the acts of infringement alleged herein.

15.     Ms. Fenn alleges on information and belief that the Eborn Defendants' intend to sell infringing goods within the State of Utah through the Eborn Books stores and the Eborn Books Online Store, which sales relate to the claims asserted by Ms. Fenn, and out of which Ms. Fenn's claims, in part, arise.

16.     This Court's exercise of personal jurisdiction over the Eborn Defendants is consistent with the Constitutions of the United States and the State of Utah and Utah Code Ann. § 78-27-22 *et seq*.

17.     Venue is proper in this judicial district under at least 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

**I.  Ms. Fenn's Copyright Ownership**

18.     Ms. Fenn is the current rights owner of U.S. Copyright Registration No. TXu002066627 for the unpublished literary work titled "These Three--ELOHIM, JEHOVAH,

AND MICHAEL, which was authored by Bruce Redd McConkie who is now deceased (1915-1985) (the "Asserted Copyright Registration").

19. The registration date of the Asserted Copyright Registration is January 17, 2018.

20. The names of the other listed claimants on the Asserted Copyright Registration are members of the McConkie family, including Bruce Redd McConkie's children.

21. In the past, a significant number of Mr. McConkie's works were improperly and unlawfully obtained, copied, and distributed by a third party entity, MormonLeaks.

22. On information and belief, the Asserted Copyright Registration manuscript was not included in this MormonLeaks distribution. However, because of this improper and unlawful distribution, the McConkie family believed it necessary to obtain copyright protection for many of Bruce Redd McConkie's works, including the Asserted Copyright Registration manuscript.

23. Thus, Ms. Fenn and other members of the McConkie family obtained copyright registrations on several of Bruce Redd McConkie's unpublished manuscripts, including the manuscript of the Asserted Copyright Registration.

## II.   The Eborn Defendants' Offer for Sale of the Asserted Copyright Registration

24. In October of 2018, Ms. Fenn became aware that the Eborn Defendants' were offering for sale a leather bound version of the Asserted Copyright Registration on the Eborn Books Online Store at the following specific URL: https://ebornbooks.com/shop/non-fiction/mormon-lds/mormon-rare/2-extremely-rare-bruce-r-mcconkie-volumes-beautiful-leather-bindings/.

25. Immediately below are two screenshots of the infringing sales listing of the Asserted Copyright Registration on the Eborn Books Online Store at the URL listed above:

4



## 2 Extremely Rare Bruce R. McConkie Volumes! ~ Beautiful Leather Bindings!



### 2 Extremely Rare Bruce R. McConkie Volumes! ~ Beautiful Leather Bindings!

**$8,000.00**

There is quite a controversial background story to go with these two volumes. Basically Bruce R. McConkie proposed these two volumes before he died, but they were rejected and all photo-copies known to exist were rounded up so the books would never be published.

BUT, apparently all copies were not rounded up. This two volume set represents 12 numbered leatherbound sets that someone has had printed and bound. The two volumes are as follows:

1. *These Three – Elohim, Jehovah, and Michael*
2. *Pearl of Great Price*

The first volume is one the Church did not want published! The second volume was McConkie's revised and added-to version of the Pearl of Great Price, which the Brethren rejected.

Here are both volumes in a limited edition of 12 copies! Very nicely bound. Our consignment seller (just like whoever bound them) does not want to be identified. The set is being sold on consignment so if you want to see them in person you'll have to make an appointment to do so.

1 in stock

[ADD TO CART]

ADD TO WISH LIST

SKU: v42 mcconkie leather set Categories: Mormon/LDS, Mormon/Leather, Mormon/Limited Edition, Mormon/Rare, Mormon/Sets

### Search our Products

### Search our inventory on Amazon and Ebay!



*Click here to view our product listings on Ebay!*

### Visit Eborn Books on Facebook

*Visit Eborn Books on Facebook*

   

26. On information and belief, the Eborn Defendants made, or caused to be made, these copies of the Asserted Copyright Registration.

27. The Eborn Defendants' use of Ms. Fenn's Asserted Copyright Registration in conjunction with its sale and marketing of the "These Three – Elohim, Jehovah, and Michael" literary work on the Eborn Books Online Store has an effect on interstate commerce.

28. The Eborn Defendants' use of Ms. Fenn's Asserted Copyright Registration in marketing the sale of the "These Three – Elohim, Jehovah, and Michael" literary work creates confusion as to the source of the work, leading customers to believe that the work is being sold with authorization from Ms. Fenn.

29.     Ms. Fenn has not licensed the Eborn Defendants any rights in or to the Asserted Copyright Registration and the Eborn Defendants do not have any right or authority to use, market, display, or sell products that utilize Ms. Fenn's copyrighted materials, specifically the materials protected by the Asserted Copyright Registration.

30.     In fact, the Eborn Defendants' listing boasts that the text of the Asserted Copyright Registration was "rejected and all photo-copies known to exist were rounded up so the books would never be published." This listing also boasts that this text was "one the Church did not want published!"

31.     According to their own marketing, the Eborn Defendants knew that the Asserted Copyright Registration was improperly and unlawfully appropriated and that these copies of the Asserted Copyright Registration were made improperly and without proper authorization.

32.     On information and belief, the Eborn Defendants' infringement of the Asserted Copyright Registration was knowing and willful.

33.     On information and belief, the Eborn Defendants also had pre-suit knowledge of the Asserted Copyright Registration.

34.     Before service of this complaint, Ms. Fenn mailed the Eborn Defendants a letter with the information regarding Ms. Fenn's ownership of the Asserted Copyright Registration as well as a courtesy copy of this complaint in October of 2020.

35.     Accordingly, the Eborn Defendants have had knowledge of the Asserted Copyright Registration at least since October of 2020.

36.     Ms. Fenn has suffered cognizable injury as a result of the Eborn Defendants' infringing activities.

37.     Ms. Fenn has suffered injury in fact and has lost money or property as a result of the Eborn Defendants' deceptive trade practices and unfair competition in the form of damage to her good will, lost sales, price erosion, and other actual damages.

38.     Ms. Fenn has suffered injury in fact and has lost money or property as a result of the Eborn Defendants' unfair and unlawful business practices in the form of damage to good will, lost sales, price erosion, and other actual damages.

## FIRST CLAIM FOR RELIEF
**Federal Copyright Infringement of U.S. Copyright Registration No. TXu002066627**

39.     By this reference, Ms. Fenn realleges and incorporates the foregoing paragraphs as though fully set forth herein.

40.     Ms. Fenn is an owner of the Asserted Copyright Registration.

41.     On January 17, 2018, the United States Copyright Office accepted an application for copyright registration for the original work, "These Three--ELOHIM, JEHOVAH, AND MICHAEL".

42.     Upon information and belief, the Eborn Defendants have produced, reproduced, distributed, sold, offered for sale, and/or publicly displayed Ms. Fenn's protected work or derivatives of Ms. Fenn's protected work in the Asserted Copyright Registration without Ms. Fenn's consent.

43.     The Eborn Defendants' acts violate Ms. Fenn's exclusive rights to produce, reproduce, sell, and distribute copies of Ms. Fenn's copyrighted work, and to publicly display Ms. Fenn's Asserted Copyright Registration.

44.     The Eborn Defendants' infringement has been undertaken knowingly, willfully, and with intent to financially gain from Ms. Fenn's Asserted Copyright Registration.

45. The Eborn Defendants have failed to exercise their right and ability to supervise persons within their control to prevent infringement, and they did so with intent to further their financial interest in the infringement of the Asserted Copyright Registration.

46. Accordingly, the Eborn Defendants have willfully infringed Ms. Fenn's Asserted Copyright Registration.

47. The Eborn Defendants' violation of 17 U.S.C. §§ 501 *et seq.* has caused Ms. Fenn to suffer damages and irreparable harm.

48. By reason of the foregoing, Ms. Fenn is entitled to her actual damages and the Eborn Defendants' profits attributable in an amount to be proved at trial and all other relief allowed under the Copyright Act as well as injunctive relief pursuant to 17 U.S.C. §§ 502-505.

## SECOND CLAIM FOR RELIEF
### Unfair Competition

49. Ms. Fenn re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

50. The Eborn Defendants' conduct as alleged is in violation of Utah Code Ann. § 13-5a-101 *et seq.*

51. Ms. Fenn alleges on information and belief that the Eborn Defendants' acts have been willful and with knowledge that the Eborn Defendants would be unlawfully and unfairly profiting from the goodwill associated with Bruce Redd McConkie, Ms. Fenn, and Ms. Fenn's rights in the Asserted Copyright Registration.

52. The Eborn Defendants' actions have led to a material diminution in value of the Asserted Copyright Registration.

53. Ms. Fenn has been injured by the Eborn Defendants' infringement of the Asserted Copyright Registration.

54. Pursuant to Utah Code Ann. § 13-5a-103, Ms. Fenn is entitled to damages, costs, attorneys' fees, and punitive damages from the Eborn Defendants' for their unfair competition.

### THIRD CLAIM FOR RELIEF
### Deceptive Trade Practices

55. Ms. Fenn re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

56. The Eborn Defendants, by their actions as alleged herein, have caused a likelihood of confusion or of misunderstanding as to the source of its products and services and has thereby engaged in a deceptive trade practice, pursuant to Utah Code Ann. § 13-11a-3(1)(b).

57. The Eborn Defendants' conduct as set forth hereinabove gives rise to a cause of action for deceptive trade practices and related wrongs under the statutory and common law of the State of Utah, including at least Utah Code Ann. § 13-11a-4(2)(a).

58. Ms. Fenn alleges on information and belief that the Eborn Defendants have engaged in deceptive trade practices against Ms. Fenn in willful and deliberate disregard of Ms. Fenn's rights and those of the consuming public.

59. By reason of the Eborn Defendants' acts, Ms. Fenn has suffered damage and irreparable harm.

60. Accordingly, Ms. Fenn is entitled to injunctive and monetary relief against the Eborn Defendants, pursuant to at least Utah Code Ann. § 13-11a-4(2)(a) and (b).

### PRAYER FOR RELIEF

WHEREFORE, Ms. Fenn prays for entry of a final order and judgment as follows:

      A.      An order of this Court temporarily, preliminarily, and permanently enjoining the Eborn Defendants, their principals, agents, and servants, and any and all person or entities acting in concert with any of them from directly or indirectly infringing in any manner Ms. Fenn's rights in the Asserted Copyright Registration, pursuant to at least 17 U.S.C. § 502;

      B.      An order of this Court that the Eborn Defendants' products and materials that infringe Ms. Fenn's rights in the Asserted Copyright Registration as well as any other articles that contain or embody copies of Bruce Redd McConkie's original work(s), be impounded and/or destroyed, pursuant to at least 17 U.S.C. § 503;

      C.      Injunctive relief enjoining the Eborn Defendants, their officers, agents, servants, employees, and all those persons in active concert or participation with any of them, from engaging in further deceptive trade practices, pursuant to Utah Code Ann. § 13-11a-4(2)(a);

      D.      For damages, costs, attorneys' fees, and punitive damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. § 501;

      E.      An award of damages, costs, attorneys' fees, and punitive damages for the Eborn Defendants' acts of unfair competition, pursuant to Utah Code Ann. § 13-5a-103;

      F.      An award of damages, in an amount to be proven at trial, including at least the greater of Ms. Fenn's actual damages and $2,000, for the Eborn Defendants' deceptive trade practices, pursuant to Utah Code Ann. § 13-11a-4(2)(b);

      G.      An award of the Eborn Defendants' profits in an amount to be proven at trial, pursuant to at least 17 U.S.C. § 504;

      H.      An award of costs and attorneys' fees under Utah Code Ann. § 13-11a-4(2)(c);

I. An award of Ms. Fenn's costs in bringing this action, pursuant to all applicable state statutory and common law;

J. An award of Ms. Fenn's attorney fees, pursuant to all applicable state statutory and common law;

K. An award of punitive damages, pursuant to all applicable state statutory and common law;

L. An imposition of constructive trust on, and an order requiring full accounting of, the sales made by the Eborn Defendants as a result of its wrongful or infringing acts alleged herein;

M. Post-judgement interest, pursuant to at least 28 U.S.C. § 1961(a); and

N. Such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ms. Fenn demands trial by jury on all claims and issues so triable.

Dated: October 28, 2020

Respectfully Submitted,

DURHAM JONES & PINEGAR, P.C.

By: */s/ Larry R. Laycock*
Larry R. Laycock

Attorneys for Plaintiff
SARA FENN